**"O"**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| VIRGINIA RUTH, | ) | Case No. CV 05-6875 MLG |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff Virginia Ruth ("Plaintiff") seeks review of the Commissioner's final decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons stated below, the Commissioner's decision should be affirmed and this action should be dismissed with prejudice.

**I.   Factual and Procedural Background**

Plaintiff was born on February 4, 1948. (Administrative Record ("AR") at 63). She has a high school education and past work experience as a sorter/coder, remittance clerk, food service worker, and medical

assistant. (AR at 19).  Plaintiff filed applications for DIB and SSI on October 31, 2001.  (AR at 18, 63-65).  Plaintiff alleges that she has been disabled and unable to work since April 17, 2000, due to diabetes, high cholesterol, migraine headaches, high blood pressure, inflammation in her bones, depression, and difficulty sleeping.  (AR at 18, 23). Plaintiff's applications were denied at the administrative level.  (AR at 31-35).  At Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on June 26, 2003.  (AR at 298-331). Plaintiff, who was represented by counsel, testified at the hearing. (AR at 300-13).  A vocational expert and two medical experts also testified.  (AR at 313-29).  On October 24, 2004, the ALJ issued a decision finding that Plaintiff was not under a disability, as defined in the Social Security Act.  (AR at 18-29).

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since the filing date of her applications and that Plaintiff suffers from impairments that more than minimally restrict her ability to perform basic work related activity, including diabetes mellitus, hypertension, a history of chronic headaches, osteoarthritis of the thoracic and lumbosacral spine, a history of left shoulder pain, joint pain, and a depressive disorder.  (AR at 20).  The ALJ concluded that Plaintiff's impairments did not meet or equal one of the of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1 ("the Listings").  (AR at 20).  The ALJ found that Plaintiff was capable of performing medium work limited to occasional climbing, balancing, stooping, kneeling, crouching, crawling, and overhead reaching with her upper extremities.  (AR at 23, 25).  The ALJ further found that Plaintiff's ability to understand, remember, and carry out simple and complex instructions, perform activities in a regular schedule and

maintain regular attendance and respond appropriately to changes in a work setting was "good," Plaintiff's ability to maintain attention, concentration, and persistence was "fair," and Plaintiff's ability to complete a workday and workweek without interruption from psychiatric based symptoms was "fair-to-good." (AR at 25). Given these limitations, the ALJ concluded that Plaintiff was capable of performing her past work as a sorter/coder, remittance clerk, and food service worker. (AR at 27).

On July 18, 2005, the Appeals Council denied review. (AR at 5-7). Therefore, the ALJ's decision became the final decision of the Commissioner. (AR at 5). Plaintiff then commenced this action for judicial review.

The parties filed a Joint Stipulation on July 26, 2006. Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further development of the record. (Joint Stipulation at 15). The Commissioner requests that the ALJ's Decision be affirmed. (Joint Stipulation at 15). The Joint Stipulation has been taken under submission without oral argument.

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at

401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

### III. Discussion

Plaintiff contends that the ALJ erred in concluding that she was capable of returning to her past work because she is precluded from engaging in more than occasional overhead reaching. Plaintiff does not present a persuasive claim.

At step four of the sequential analysis, the claimant bears the burden of establishing that she can no longer perform her past work. 20 C.F.R. §§ 404.1520(e), 416.920(e); *see Villa v. Heckler*, 797 F.2d 794, 798 (1986). Nevertheless, the ALJ is required to make adequate findings to support his conclusion by looking at the claimant's "'residual functional capacity and the physical and mental demands' of the claimant's past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001)(quoting 20 C.F.R. §§ 404.1520(e) and 416.920(e)); Social Security Ruling ("SSR") 82-62. A claimant is considered "not disabled" if she retains the residual functional capacity to perform: (1) "[t]he actual functional demands and job duties of a particular past relevant job;" or (2) "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national

economy." *Pinto*, 245 F.3d at 845 (citing SSR 82-61).

Here, in assessing Plaintiff's residual functional capacity, the ALJ found that Plaintiff was limited to no more than occasional overhead reaching with her upper extremities, in addition to a variety of other exertional and non-exertional restrictions. (AR at 23, 25). Based on this residual functional capacity and the testimony of the vocational expert, the ALJ concluded that Plaintiff was capable of returning to her past work as a sorter/encoder, food service worker, and remittance clerk. (AR at 27, 77, 324-26).

Plaintiff alleges that she was precluded from performing her past work because the Dictionary of Occupational Titles ("DOT") establishes that the jobs of sorter/encoder, remittance clerk, and food service worker require frequent reaching. (Joint Stipulation at 5-9, 11-14); *see* DOT 209.687-022 (sorter), DOT 211.462-034 (teller), DOT 319.484-010 (food assembler, kitchen); *see also Pinto*, 249 F.3d at 845-46 (the DOT is usually "the best source for determining how a job is generally performed"). In support of this argument, Plaintiff notes that "reaching" has been defined as "extending hands and arms in *any* direction." (Joint Stipulation at 6 (quoting Social Security Ruling ("SSR") 85-15)(emphasis added)). While Plaintiff has correctly pointed out that the DOT indicates that the sorter/encoder, remittance clerk, and food service worker jobs require frequent reaching, the DOT does not indicate that these jobs require frequent *overhead* reaching. *See* DOT 209.687-022 (sorter), DOT 211.462-034 (teller), DOT 319.484-010 (food assembler, kitchen).

Further, Plaintiff has not established that a limitation to no more than occasional overhead reaching is inconsistent with the performance of her past work as a sorter/encoder or food service worker, as those

5

jobs were actually performed. *Pinto*, 245 F.3d at 845. Plaintiff stated that her work as sorter/encoder involved operating a sorter machine, encoding checks, and frequent lifting and carrying of boxes weighing between ten and fifteen pounds. (AR at 77, 302). Plaintiff also described the demands of her work as a food service worker. (AR at 303-04). Plaintiff testified that she prepared food, washed dishes, and lifted things. (AR at 304). In describing these two jobs, Plaintiff made no mention of needing to reach more than occasionally, let alone reach overhead. (AR at 77, 302-04). Under these circumstances, the ALJ did not err in adopting the vocational expert's testimony that Plaintiff was capable of returning to her past relevant work. (AR at 27, 324-26).

**IV.  Conclusion**

Based upon the applicable legal standards, the Court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: September 11, 2006          */S/ Marc L. Goldman*

                                   _____
                                   MARC L. GOLDMAN
                                   United States Magistrate Judge